IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM LIEBHART and NANCY LIEBHART,

                Plaintiffs,

v.

SPX CORPORATION, TRC ENVIRONMENTAL
CORPORATION, and APOLLO DISMANTLING
SERVICES, INC.,

                Defendants.

OPINION and ORDER

20-cv-316-jdp

---

This is plaintiffs William Liebhart and Nancy Liebhart's third lawsuit about their contention that defendants SPX Corporation, Apollo Dismantling Services, Inc., and TRC Environmental Corporation are responsible for PCB (polychlorinated biphenyl) contamination on their property. In the first case, the court granted defendants' motion for summary judgment on the Liebharts' claims under the Resource Conservation and Recovery Act (RCRA) and the Toxic Substances Control Act (TSCA), concluding that both claims failed for multiple reasons. *See Liebhart v. SPX Corporation*, 16-cv-700-jdp (W.D. Wis. Feb. 7, 2020), Dkt. 263. In the second case, the court granted defendants' motion to dismiss, concluding that the Liebhart's claims were precluded by the first lawsuit. *See Liebhart v. SPX Corporation*, 20-cv-205-jdp (W.D. Wis. Apr. 22, 2022), Dkt. 79. The court will refer to case no. 16-cv-700-jdp as the '700 case and to case no. 20-cv-205-jdp as the '205 case.

In this case, the Liebharts are asserting state-law claims for the same conduct alleged in the '700 case and the '205 case. Defendants move to dismiss the complaint on multiple procedural and substantive grounds under Federal Rule of Civil Procedure 12(b)(6). Dkt. 26;

Dkt. 28; Dkt. 29. Alternatively, defendants ask the court to decide the Liebharts' claims based on the record from the '700 case. Dkt. 30.

The court will grant defendants' motion to dismiss under the doctrine of claim preclusion on the claims that the Liebharts could have brought in the '700 case but failed to do so, and the court will grant summary judgment to defendants on the remaining claims. The parties agree that the court can decide those claims on the basis of the summary judgment submissions in the '700 case without further discovery. Those submissions show that the Liebharts haven't adduced admissible evidence that defendants caused them harm.

BACKGROUND

This case has a lengthy procedural history. Much of that history is relevant to issues before the court now, so the court will provide the necessary background here.

The Liebharts own multiple properties in Watertown, Wisconsin that were adjacent to an industrial site that contained an abandoned transformer factory. In 2015, SPX (the current owner of the industrial site) directed Apollo to demolish the building on the site, relying on a plan proposed by TRC and approved by the Environmental Protection Agency. In 2017, after completion of the demolition, the Wisconsin Department of Natural Resources approved a remediation plan to remove contaminated soil.

The Liebharts sued defendants under both federal and state law, alleging that the demolition of the factory created dust and debris containing PCBs that migrated to the Liebharts' property, contaminating their yards and threatening their health. To support an exercise of jurisdiction over the state-law claims, the Liebharts relied solely on the state-law claims' close factual connection to the federal law claims. *See* 28 U.S.C. § 1367.

At the summary judgment stage, there was no dispute that the soil on the Liebharts' property was contaminated with PCBs. But the parties did dispute how those PCBs got there. Defendants said that the Liebharts' property had been contaminated over the decades as the result of being so close to the industrial site. The Liebharts said that at least some of the contamination came from the demolition. Both sides assumed that none of the defendants could be held liable on any of the Liebharts' claims for contamination that pre-dated the demolition, so causation was a key issue.

The court granted defendants' motion for summary judgment on the Liebharts' federal claims under the RCRA and TSCA, reaching the following conclusions that are relevant to this case: (1) the testimony of the Liebhart's expert on causation, John Woodyard, wasn't admissible under Federal Rule of Evidence 702; (2) the Liebharts couldn't prove causation without an expert; (3) even if expert testimony wasn't required, the Liebharts didn't adduce admissible evidence that any PCBs on their property were the result of the demolition; (4) the Liebharts didn't adduce admissible evidence that any PCB contamination from the demolition presented an "imminent and substantial danger," as required by the RCRA; (5) even assuming a violation of the RCRA and TSCA, the Liebharts hadn't shown that they were entitled to injunctive relief. The court also denied as untimely and unfairly prejudicial the Liebharts' motion for leave to amend their complaint to add new state and federal claims about PCBs that defendants buried on the industrial site. The court dismissed the Liebharts' original state-law claims without prejudice under § 1367(c)(3) to allow the Liebharts to refile them in state court. *Liebhart v. SPX Corp.*, No. 16-cv-700-jdp, 2018 WL 1583296 (W.D. Wis. Mar. 30, 2018).

The Court of Appeals for the Seventh Circuit upheld the decision to exclude Woodyard's testimony and to deny leave to amend the complaint. But the court of appeals vacated the judgment after determining that this court had applied the wrong standard under the RCRA. *Liebhart v. SPX Corp.*, 917 F.3d 952 (7th Cir. 2019).

On remand, this court again denied plaintiffs leave to amend their complaint to add new claims about PCBs that were buried on the industrial site. At the summary judgment stage, that parties again assumed that the Liebharts must prove a causal connection between the demolition and contamination of the Liebharts' property to prevail on any of their claims. The court again concluded that Woodyard's causation opinion was inadmissible and that the Liebharts had no other admissible evidence that the demolition caused any additional contamination of their property. The court also concluded that the Liebharts hadn't demonstrated the harm required by the RCRA or that they were entitled to injunctive relief under either the RCRA or the TSCA. The court again dismissed the state-law claims without prejudice under § 1367(c)(3).

The Liebharts again appealed, and they also filed two new lawsuits against the same defendants, one in this court and one in state court. The lawsuit filed in this court was the '205 case. It was about the PCBs that were buried on the industrial site, the same subject matter that the Liebharts attempted to litigate in their two proposed amended complaints in the '700 case. But unlike the proposed amended complaint in the '700 case, the '205 case was limited to federal legal theories.

The lawsuit filed in state court is what later became this case. It included the original state-law claims from the '700 case as well as state-law claims about the buried PCBs. Defendants quickly removed the state-court lawsuit to this court, alleging for the first time that

4

the Liebharts and defendants have diverse citizenship under 28 U.S.C. § 1332, so the court could exercise jurisdiction even without federal claims. Neither side explained why the parties didn't rely on diversity jurisdiction in the '700 case, but the evidence cited by defendants in their notice of removal met their burden to prove diversity and that more than $75,000 is in controversy. The Liebharts didn't challenge that evidence, so the court concluded that it had jurisdiction under § 1332.[1] As agreed by the parties, the court stayed this case and the '205 case while the appeal of the '700 case was pending.

The court of appeals affirmed the judgment of the '700 case, but the court didn't consider most of this court's reasons for granting summary judgment to defendants. Instead, the court of appeals focused on one issue, concluding that the Liebharts hadn't shown they were entitled to injunctive relief under the relevant standard of review. *Liebhart v. SPX Corp.*, 998 F.3d 772 (7th Cir. 2021).

Defendants then moved to dismiss both this case and the '205 case. This court granted the motion to dismiss in the '205 case under the doctrine of claim preclusion. *Liebhart v. SPX Corp.*, No. 20-cv-205-jdp, 2022 WL 1202503 (W.D. Wis. Apr. 22, 2022). Defendants now move to dismiss this case or, in the alternative, for summary judgment.

ANALYSIS

The Liebharts' complaint in this case asserts eight "counts": (1) strict liability for abnormally dangerous activity; (2) negligent disposal of PCBs on the Liebhart's property;

---

[1] After learning that the court had jurisdiction over the state-law claims in the '700 case, the court asked the court of appeals to remand the case so that all claims could be resolved in one case. Case no. 16-cv-700-jdp, Dkt. 284. The court of appeals denied that request. *Id.*, Dkt. 285.

(3) negligent burial of PCBs; (4) trespass; (5) nuisance for disposal of PCBs on the Liebharts' property; (6) nuisance for burial of PCBs on a site adjacent to the Liebharts' property; (7) negligent infliction of emotional distress; and (8) punitive damages and injunctive relief.[2] Defendants seek dismissal of all the Liebharts' claims.

Punitive damages and injunctive relief are remedies, not claims, *see Bontkowski v. Smith* 305 F.3d 757, 762 (7th Cir. 2002), so the court need not consider count (8) separately. As for the seven other counts, defendants assert the following grounds for dismissal: (1) the claims for negligence and nuisance related to the burial are barred by the doctrine of claim preclusion; (2) all the other claims are barred by the doctrine of issue preclusion; and (3) the Liebharts haven't adequately alleged a claim for negligent infliction of emotional distress. SPX also contends that it can't be held liable for negligence, trespass, or nuisance because those claims are based on the conduct of the other defendants.[3]

If the court denies the motion to dismiss, the Liebharts ask to conduct discovery on the burial claims, as well as on the issue of punitive damages. But neither side wants to conduct discovery on the other claims. The parties conducted discovery on those claims in the '700 case, and both sides sought summary judgment on the claims, so the parties agree that the court can decide the non-burial claims on the basis of the parties' summary judgment

---

[2] The Liebharts don't expressly state whether they are asserting claims for public nuisance or private nuisance, but they cite the elements for private nuisance only.

[3] Defendants also contend that some of the Liebharts' claims are moot, but they don't explain why. Dkt. 27, at 16. The Liebharts are seeking both damages and injunctive relief in this case, and defendants have made no showing that they have provided the Liebharts all the relief they are seeking. *See Hoosier Envtl. Council v. U.S. Army Corps of Engineers*, 722 F.3d 1053, 1057–58 (7th Cir. 2013) (claim is moot only when "it is impossible for a court to grant any effectual relief whatever"). The court isn't persuaded that any of the Liebharts' claims are moot.

submissions in the '700 case. *See* Dkt. 40, at 4 (the Liebharts ask the court to "address these counts based on both sides' fully-briefed summary judgment motions in Case. No. 16-cv-700-jdp, without permitting further discovery"); Dkt. 45, at 1 (defendants say that the five claims "should not be subject to further discovery, but instead should be decided based on the fully-briefed summary judgment motions on file in Case No. 3:16-cv-00700-jdp"). The court will first consider defendants' arguments under claim and issue preclusion and then consider the merits of any claims that aren't barred on procedural grounds.

## A. Claim preclusion

Defendants contend that the Liebharts are precluded from asserting claims about the burial of PCBs—claims (3) and (6)—because this court denied as untimely and prejudicial the Liebharts' motion for leave to amend their complaint to include claims based on the burial in the '700 case. Defendants rely on the doctrine of claim preclusion, also called res judicata. The court applies the federal standard of claim preclusion because defendants are relying on a federal judgment. *See Daza v. State*, 2 F.4th 681, 683 (7th Cir. 2021); *Bernstein v. Bankert*, 733 F.3d 190, 225 (7th Cir. 2013). Under federal law, claim preclusion applies when a party could have raised a claim in a previous lawsuit that arose out of the same facts and ended with a final judgment on the merits. *Bernstein*, 733 F.3d at 226; *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999).

The court considered virtually the same issue in the '205 case, Dkt. 79. As in this case, the Liebharts brought claims challenging the alleged burial of PCBs on adjacent property. Relying on *Arrigo v. Link Stop, Inc.*, 836 F.3d 787 (7th Cir. 2016), this court concluded that a denial of leave to amend a complaint as untimely qualified as a judgment on the merits for the purpose of claim preclusion. And because there was no dispute that the burial claims arose out

7

of the same facts and involved the same parties as the claims in the '700 case, the Liebharts couldn't raise the claims in a new lawsuit. *Liebhart*, 2022 WL 1202503, at *4.

The only difference between the Liebharts' burial claims in this case and the '205 case is that the claims in the '205 case were brought under federal law and the claims in this case are brought under state law. But it's the facts that matter for claim preclusion; a different legal theory doesn't create a new claim. *See Carr v. Tillery,* 591 F.3d 909, 913 (7th Cir. 2010) ("You cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory."). So claim preclusion applies to claims (3) and (6), and the court will dismiss those claims.

## B. Issue preclusion

The Liebharts' remaining claims are for strict liability, negligent disposal of PCBs, trespass, nuisance for disposal of PCBs on the Liebharts' property, and negligent infliction of emotional distress. These claims are based on the same facts as the '700 case, but defendants don't contend that claim preclusion applies. This is because the Liebharts included the same claims in the '700 case, but the court dismissed those claims without prejudice, giving the Liebharts leave to refile them. *See Cent. States, Se. & Sw. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 629 (7th Cir. 2002).

Instead of claim preclusion, defendants seek dismissal under the doctrine of issue preclusion because this court decided issues that are dispositive to this case in the '700 case. Again, the federal standard for the preclusion doctrine applies. *See Bernstein*, 733 F.3d at 225. Under federal law, issue preclusion has four elements: (1) the issue sought to be precluded is the same as an issue in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; (3) the determination of the issue must have been essential to the final

judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action. *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014).

Defendants say that the Liebharts' claims in this case require the Liebharts to prove that PCB-containing dust from the demolition caused their damages. Defendants also say that the court already decided that issue in the '700 case when it concluded that the Liebharts hadn't adduced admissible evidence that the demolition caused any PCB contamination on their property.

This argument fails on under element (3) of issue preclusion: whether the issue was essential to the judgment. Causation was only one of multiple grounds that this court relied on when granting summary judgment in the '700 case, and the court of appeals affirmed on a different ground, which was that the Liebharts hadn't shown that they were entitled to injunctive relief. In that situation, this court's determination on causation doesn't have preclusive effect. *See Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 45 (2d Cir. 1986) ("[I]f an appeal is taken and the appellate court affirms on one ground and disregards the other, there is no collateral estoppel as to the unreviewed ground."); *see also Peabody Coal Co. v. Spese*, 117 F.3d 1001, 1008 (7th Cir. 1997); Restatement (Second) of Judgments § 27, comment i (1982).

Defendants also raise a narrower argument, which is that the Liebharts are precluded from seeking injunctive relief because the court determined in the '700 case that injunctive relief wasn't available. The court of appeals affirmed on that ground, which suggests that element (3) of issue preclusion is satisfied. *See* Restatement (Second) of Judgments § 27, comment *o* (1982) (when trial court decides claim on multiple grounds, any ground affirmed by the court of appeals is preclusive).

9

But it isn't clear that defendants have satisfied element (1), which is that the issue must be the same in both cases. The determination whether injunctive relief is appropriate depends on many equitable factors, *Liebhart*, 998 F.3d at 780, and the balance of those factors can change over time. For example, in denying injunctive relief, both this court and the court of appeals relied on facts showing that the Wisconsin Department of Natural Resources was supervising a remedial plan of the property that would reduce the level of PCBs in the soil to levels that complied with state standards. But the plan hadn't been implemented yet, in part because the Liebharts hadn't allowed defendants onto the property to begin remediation. The Liebharts didn't provide a persuasive reason for questioning that either defendants or the department would fail to successfully remediate the property once they were granted access. But both this court and the court of appeals acknowledged that the situation could change. *Liebhart*, 2020 WL 6999229, at *9 ("[S]o long as the Liebharts refuse to allow the remediation process to begin, it renders premature any contention that defendants will fail to implement the plan."); *Liebhart*, 998 F.3d at 781 ("As long as the plan remains iterative and subject to DNR's supervision, there is no reason to invalidate the plan on this basis."). Defendants cite no authority for applying issue preclusion under those circumstances.

In any event, the request for a ruling about preclusion related to injunctive relief is premature. As the court already noted, a request for an injunction isn't a separate claim, so agreeing with defendants on this argument would not entitle them to dismissal. The Liebharts are also seeking damages on all of their state-law claims. If the court determined that the Liebharts had proven one or more of their claims, the court could determine then whether injunctive relief is an available remedy.

The court will deny defendants' motion to dismiss based on the doctrine of issue preclusion.

**C. Merits**

The remaining question is whether defendants are entitled to dismissal of claims (1), (2), (4), (5), and (7) on the merits. Defendants raise several arguments on the merits in their motion to dismiss, but these overlap substantially with the arguments in defendants' summary judgment briefs that they filed in the '700 case. As already noted, the parties agree that the court can decide the above five claims on the basis of the parties' summary judgment submissions in the '700 case, without further discovery or briefing. So it makes sense to consider the merits arguments in the motions to dismiss and motions for summary judgment together.

In their summary judgment motions from the '700 case, defendants asserted multiple arguments for dismissing each of the Liebharts' claims. Case no. 16-cv-700-jdp, Dkt. 83, at 18–42 and Dkt. 103, 6–17. But they also argued that all of the Liebharts' claims, including the state-law claims, failed because the Liebharts had failed to adduce admissible evidence to show either that the Liebharts' property was contaminated with PCBs because of the demolition or that, if the property was contaminated by the demolition, the Liebharts suffered any harm from the PCBs. The Liebharts didn't challenge in any of their summary judgment briefs that each of their claims included an element of causation. They don't directly dispute that contention in their opposition to defendants' motion to dismiss either, but they do state that "only one of the enumerated counts above—Count IV, trespass—requires a showing that dust from the demolition invaded the Liebharts' property." Dkt. 39, at 5. The Liebharts don't explain the relevance or meaning of this statement, but if they mean to contend that their claims for

11

negligence, nuisance, and infliction of emotional distress don't require them to show that defendants' conduct caused PCB contamination on the Liebharts' property, that is incorrect.

The Liebharts' complaint in this case makes it clear that the basis for all of their alleged harm is PCB contamination on their property caused by the demolition of the industrial site. *See* Dkt. 1-2, ¶¶ 52–64. And the elements of strict liability, negligence, nuisance, and negligent infliction of emotional distress all require plaintiffs to prove that the defendant caused them harm. *See Bostco LLC v. Milwaukee Metro. Sewerage Dist.*, 2013 WI 78, ¶ 31, 350 Wis. 2d 554, 576, 835 N.W.2d 160, 171 (nuisance); *Hoida, Inc. v. M & I Midstate Bank*, 2006 WI 69, ¶ 23, 291 Wis. 2d 283, 302, 717 N.W.2d 17, 27 (negligence); *Bowen v. Lumbermens Mut. Cas. Co.*, 183 Wis. 2d 627, 652, 517 N.W.2d 432, 442 (1994) (negligent infliction of emotional distress); *Dippel v. Sciano*, 37 Wis. 2d 443, 460, 155 N.W.2d 55 (1967) (strict liability). So it necessarily follows that all of the Liebharts' claims require them to show that defendants' demolition caused the PCB contamination on their property. Without evidence of that, the Liebharts have no evidence that defendants caused them harm.

As already discussed, this court concluded in the '700 case that the Liebharts failed to adduce admissible evidence that any of the PCBs on their property were from the demolition. Issue preclusion doesn't apply to that determination, but the Liebharts have not provided a persuasive reason for reaching a different result in the context of their state-law claims.

In their brief in opposition to defendants' motion to dismiss, the Liebharts point to the same evidence that they relied on in their summary judgment briefs from the '700 case, for example, a soil sample from the Liebharts' vegetable garden and a chromatogram, to show that the PCBs on their property were from the demolition. But the court considered both pieces of evidence in the '700 case and explained why neither was helpful.

The Liebharts contended in the '700 case that their surface soil samples were evidence of contamination from the demolition because they were evidence that the contamination was of recent origin. But the Liebharts admitted that they had redistributed soil throughout their property as a result of various yard projects, and their causation expert, John Woodyard, hadn't even considered how those projects could have affected the soil samples. *Liebhart*, 2018 WL 1583296, at *4 (citing *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 787 (7th Cir. 2017), *Brown v. Burlington N. Santa Fe Ry. Co.*, 765 F.3d 765, 773 (7th Cir. 2014), and *Schultz v. Akzo Nobel Paints, LLC*, 721 F.3d 426, 433–34 (7th Cir. 2013)). As for the chromatogram, the court couldn't consider it because Woodyard didn't consider it in his report. *Id.* at *5 (citing *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008)). The court reached the same conclusions after the remand. *Liebhart*, 2020 WL 6999229, at *3–4. The Liebharts allege now that their expert didn't consider the chromatogram in his report because it wasn't available to him at the time he prepared his report. But the Liebharts didn't move to supplement Woodyard's report then, and they haven't asked to do so now. So nothing has changed, and the court still can't consider the chromatogram.

In the '700 case, this court didn't expressly consider the Liebharts' evidence under Wisconsin's standard for cause-in-fact, which is whether the defendant's conduct was a substantial factor in bringing about the plaintiff's injury. *Morgan v. Pennsylvania Gen. Ins. Co.*, 87 Wis. 2d 723, 735, 275 N.W.2d 660, 666 (1979). But that doesn't matter because the court determined in the '700 case that the Liebharts had failed to adduce admissible evidence that PCBs from the demolition had played *any* role in injuring the Liebharts.

The court concluded twice in the '700 case that the Liebharts had failed to present admissible evidence of causation. In this case, the Liebharts have neither explained why the

13

court should reconsider that determination nor asked to present additional evidence. So the court concludes that defendants are entitled to summary judgment on the state-law claims from the '700 case.

ORDER

IT IS ORDERED that:

1. The motions to dismiss filed by defendants SPX Corporation, Dkt. 26, Apollo Dismantling Services, Inc., Dkt. 28, and TRC Environmental Corporation, Dkt. 29, are GRANTED in part and DENIED in part. The motions are GRANTED on counts (3) and (6) of William Liebhart and Nancy Liebhart's complaint. The motions are otherwise DENIED.

2. Defendants' motion to decide counts (1),(2),(4),(5), and (7) without additional discovery, Dkt. 30, is GRANTED as unopposed.

3. Summary judgment is GRANTED to defendants on counts (1),(2),(4),(5), and (7).

4. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered June 3, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge